IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re:   Holt & Holt Entrepreneurship, LLC ) | Case No.: 21-80445-CRJ-7 |
| ) | |
| Debtor. ) | Chapter 7 |

**MOTION FOR AUTHORITY TO SELL ASSET FREE AND CLEAR OF LIENS
AND NOTICE OF SALE AND DEADLINE FOR SUBMITTING OBJECTIONS**

COMES NOW Tazewell T. Shepard III, Trustee of the above-captioned Bankruptcy Estate and, pursuant to 11 U.S.C. § 363(f), shows this Court as follows:

### Jurisdiction and Notice

1. On March 11, 2021 (the "**Petition Date**"), Holt & Holt Entrepreneurship, LLC (the "**Debtor**") commenced with this Court a voluntary petition under Chapter 7 of Title 11, United States Code, 11 U.S.C. § 101 et seq. in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "**Court**").

2. That same day, the Court appointed the present movant, Tazewell T. Shepard III, Chapter 7 Trustee of the Debtor's bankruptcy estate (the "**Trustee**").

3. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Per 28 U.S.C. §§ 1408 and 1409, venue is proper before this Court.

4. Pursuant to Bankruptcy Rule 2002, the Trustee proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

5. The Debtor is a business entity organized under the laws of the state of Alabama and holds title to real property in Madison County, Alabama. The Trustee is duly qualified and serving in his official capacity.

### Background

6. The Debtor owns approximately 47.11 acres of real property located at 5412 Green Meadow Rd. NW, Huntsville, AL, and as more particularly described in the legal description attached hereto as Exhibit "A" (the "**Property**").

7. The Property is subject to the following liens and encumbrances in order of priority:

    (a)   Lienholder:   Regions Bank
           Address:   1900 Fifth Avenue North
                           Birmingham, AL 35203
           Nature of Lien:   Mortgage
           Approx. Payoff Amount:   N/A - debt satisfied

    (b)   Lienholder:   EvaBank
           Address:   1710 Cherokee Ave. SW
                           Cullman, AL 35055
           Nature of Lien:   Mortgage
           Approx. Payoff Amount:   $160,000.00

    (c)   Lienholder:   Alabama Department of Revenue
           Address:   P.O. Box 320001
                           Montgomery, AL 36132
           Nature of Lien:   Tax Liens
           Approx. Payoff Amount:   $3,500.00

    (d)   Lienholder:   Synovus Bank
           Address:   P.O. Box 11746
                           Birmingham, AL 35202
           Nature of Lien:   Avoidable Judgment Lien
           Approx. Payoff Amount:   $560,000.00

8. No other known liens or mortgages encumber the Property. The Trustee avers that the above-listed judgment lien in favor of Synovus Bank is avoidable pursuant to 11 U.S.C. § 547. The Trustee is presently seeking a consensual release of this lien and, if necessary, will initiate an adversary proceeding to void this creditor's security interest in the Property.

9. Sale of the Property will be with the consent of the above-listed lienholders of record, pursuant to 11 U.S.C. § 363(f)(2). In the absence of consent by said lienholders, sale of the Property will be at a price greater than the payoff amount of their claims, pursuant to 11 U.S.C. § 363(f)(3). Or, in the alternative, said lienholders may be compelled by this Court to release their liens pursuant to Sections 363(f)(4) 363(f)(5) & 506(a) of the Bankruptcy Code.

10. According to the Office of the Tax Assessor for Madison County, Alabama, the Property is worth $196,300.00 (the "**Tax Appraised Value**").

11. The Trustee's real estate agent, Chris Fletcher of Welcome Home Realty HSV, LLC (the "**Agent**"), has obtained a buyer, The Reserves at Green Meadows Development, LLC (the "**Buyer**"), to purchase the Property for an amount in excess of double the Tax Appraised Value (the "**Sale**").

## Marketing Efforts

12. The Agent has marketed the Property for sale for a period in excess of one year.

13. The Agent believes that this is by far the best offer he has received on the Property and that it has no prospects of obtaining a better offer.

14. Accordingly, the Trustee avers that the Sale constitutes the best method to obtain maximum value for the bankruptcy estate in the timeliest manner possible.

15. The Buyer is not an insider, as defined by Title 11 of the United States Code, or otherwise connected to the Debtor, its management, or the bankruptcy estate's employed professionals.

## Terms of Sale

16. The terms of Sale are as follows:

    (a) The Buyer will purchase the Trustee's interest in the Property for the sum of Four-Hundred Thousand Dollars ($400,000.00) (the "**Purchase Price**").

    (b) The Trustee will execute and provide the Buyer with a Trustee's Deed fully conveying the bankruptcy estate's interest in the Property free and clear of liens and encumbrances and pursuant to 11 U.S.C. § 363(f). The Property is otherwise sold "as is" with no other warranties or guarantees.

    (c) At the closing of the Sale, the Trustee will pay from sales proceeds and credit against the purchase price:

        (i) Any and all delinquent real estate taxes, together with any applicable tax penalties and interest accruing and owed as of the closing date; current year's taxes will be prorated between the parties as of the closing date.

  (ii) The cost of furnishing the title commitment and all title searches, along with the cost of the owner's policy of title insurance in the amount of the Purchase Price (but not including any endorsements requested by the Buyer);

  (iii) The costs of all municipal services and public utility charges, if any, due though the date of closing; and

  (iv) Any applicable seller's attorney's fees and costs.

(d) At the closing of the Sale, the Buyer will pay:

  (i) Any applicable recording fees for recording the Trustee's Deed;

  (ii) The costs of any transfer, conveyance, or similar fees or taxes required to be paid in connection with the recording of the Trustee Deed;

  (iii) The costs of furnishing any applicable surveys;

  (iv) Any applicable Buyer's attorney's fees and costs; and

  (v) Any other applicable fees associated with the closing of the Sale or with the Sale and not otherwise listed herein.

(e) A real estate commission of Six Percent (6%) to the Agent as the sole real estate broker will be paid at the closing of the Sale from the Sale proceeds.

(f) The Sale is to be conducted at a closing to occur within thirty (30) days after entry of an order approving this motion and is to be held at the offices of SPARKMAN, SHEPARD & MORRIS, P.C., Suite 1411, 303 Williams Avenue, Huntsville, Alabama 35801, or at any other date and location mutually agreed upon by the parties.

(g) **The closing agent, if any, will serve as the Trustee's designated agent for the purpose of closing this sale and distributing the proceeds in compliance with this motion and any order to be issued by the Court.**

17. Following the Sale, all mortgages, liens, or other encumbrances secured and perfected, or otherwise relating to the Property, will attach to the net cash proceeds arising from

the closing of the Sale (the "**Cash Proceeds**") in the same nature, priority, and validity as those mortgages, liens, or other encumbrances currently attach to the Property.

18. At the closing of the Sale, the Trustee shall have the authority to satisfy the secured claims of EvaBank and Alabama Department of Revenue without further order of this Court, at there is no dispute as to their validity or priority.

19. Following approval of this motion and closing of the Sale, the Trustee, along with any creditors or other parties-in-interest, will retain all rights to challenge the nature, extent, priority, and validity of all other mortgages, liens or encumbrances attached to the Cash Proceeds, the distribution of which will be subject to Court approval at a later date.

20. This motion will be heard at a date, time, and location to be set by the Court. **Any objection to the sale shall be filed with the U.S. Bankruptcy Court before the hearing date set by the Court and served upon the undersigned counsel. Any objection should state specifically in writing why the sale should not be consummated.**

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order:

(i) Authorizing the sale of the Property clear of all liens and encumbrances, and as outlined in this motion; and

(ii) Granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 28th day of March, 2021.

/s/ Tazewell T. Shepard IV
Kevin M. Morris
Tazewell T. Shepard IV
*Attorneys for the Chapter 7 Trustee*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

# CERTIFICATE OF SERVICE

This is to certify that I have this the 28th day of March 2021, served the foregoing document upon all addressees on the Clerk's Mailing Matrix, and Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35062, Regions Bank, *disputed lien-creditor*, 1900 Fifth Ave. N., Birmingham, AL 35203, EvaBank, *lien-creditor*, 1710 Cherokee Ave. SW, Cullman, AL 35055, Alabama Department of Revenue, *lien-creditor,* P.O. Box 320001, Montgomery, AL 36132, and Synovus Bank, *disputed lien-creditor*, P.O. Box 11746, Birmingham, AL 35202 by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail.

                                              */s/ Tazewell T. Shepard IV*
                                              Tazewell T. Shepard IV

# LEGAL DESCRIPTION

Description of part of **PARCEL "14-01-02-0-000-048.000"**, as recorded in Plat Book WARR/2016/0644920 Section 2-3S-1W in the Madison County Register's Office and being more particularly described as follows:

SEC 2 T3S R1W COM AT THE SW COR OF SEC 2 TH N 89 DEG E 435.94 FT TO THE POB TH N 198.6 FT S 89 DEG W 85.45 FT TH N 1017.37 FT TH N 89 E 684.48 FT TH S 783.54 FT TH S 41 DEG E 454.08 FT TH S 1 DEG E 81.84 FT TH S 89 DEG W 891.33 FT TO THE POB

Containing an area of 20.30 acres more or less, subject to survey.

Description of part of **PARCEL "14-01-02-0-000-020.000"**, as recorded in Plat Book WARR/2016/0644920 Section 2-3S-1W in the Madison County Register's Office and being more particularly described as follows:

SEC 2 T3S R1W COM AT THE SW COR OF SEC 2 TH N 1217.03 FT TO THE POB TH N 1107.16 FT TH N 88 DEG E 1052.7 FT TH S 1125.56 FT TH S 89 DEG W 1039.52 FT TO THE POB

Containing an area of 26.81 acres more or less, subject to survey.